FILED'08 OCT 08 14:19 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARCHIE MARTIN BILYEU,

           Plaintiff,

v.

CITY OF PORTLAND, a municipal corporation, PORTLAND POLICE BUREAU, a municipal agency, MAYOR THOMAS POTTER an individual, CHIEF DERRICK FOXWORTH, an individual, and BRENDAN MCGUIRE, an individual,

           Defendant.

CV. 06-1299-AC

ORDER ON MOTION
TO COMPEL

ACOSTA, Magistrate Judge:

    Defendant City of Portland ("City") has moved to compel plaintiff Archie Bilyeu's ("Bilyeu") response to City's March 2, 2007, interrogatories. Bilyeu filed his response on September 17, 2008. City has narrowed its motion to three of its original interrogatories to which City claims Bilyeu has not adequately responded. City also seeks its attorney fees incurred in bringing the

1

motion to compel. For the reasons discussed below, City's motion to compel should be granted in part and denied in part, and City's request for an award of expenses in bringing the motion should be allowed.

*Background*

In September 2006, Bilyeu sued City and other defendants for damages arising from defendants' alleged use of excessive force and unreasonable search and seizure of Bilyeu's residence in March 2005. Defendants filed their answer on December 21, 2006, and they served interrogatories on Bilyeu on March 2, 2007. Following service of the interrogatories, both of Bilyeu's attorneys of record filed motions to withdraw at different points in time, although only one of his attorneys actually withdrew. By July 2008, the uncertainty surrounding Bilyeu's legal representation resolved. During this time and until City filed its motion on September 3, 2008, City attempted on multiple occasions to obtain Bilyeu's answers to City's interrogatories.

*Discussion*

1. Sufficiency of Bilyeu's Interrogatory Answers

City's motion turns on Bilyeu's answers to three of the fourteen interrogatories City propounded. The court addresses each in turn.

a. Interrogatory No. 10

City's Interrogatory No. 10, and Bilyeu's answer, read:

> INTERROGATORY NO. 10: Specify the basis of the loan and finance costs plaintiff is claiming as damages in paragraph 14 of plaintiff's complaint, and identify all such costs that have been paid by plaintiff and the date of such payment.
>
> RESPONSE: Objection: vague.

City correctly observes that Bilyeu's complaint includes an allegation that he suffered

2

damages for "loan and finance costs in the amount of $50,000." (Complaint 5.) City's interrogatory properly seeks to learn the basis of this item of Bilyeu's claimed damages and does so using Bilyeu's characterization of those damages. Bilyeu's vagueness objection is not well taken – indeed, it ignores the content of his own complaint – and his answer to Interrogatory No. 10 is not sufficient. Accordingly, City's motion as to this interrogatory is GRANTED, and Bilyeu must provide a substantive response to this interrogatory.

b. Interrogatory No. 13

City's Interrogatory No. 13, and Bilyeu's answer, read:

> INTERROGATORY NO. 13: Identify by name, address and phone number all persons with whom plaintiff has discussed the subject incident.
>
> RESPONSE: Objection: attorney-client privilege, work product, overly broad and unduly burdensome.

In its reply, City states that it does not seek information protected by the attorney-client and attorney work-product privileges. City seeks only "to identify individuals with whom plaintiff may have discussed the subject incident." (Defendant City of Portland's Reply to Plaintiff's Response to Defendant's Motion to Compel Responses to Interrogatories ("Reply") 3.) City disagrees that this interrogatory is overly broad and unduly burdensome, and it contends that Bilyeu has only "to recollect whom he spoke with regarding the incident and list their names, addresses and telephone numbers." *Id.*

As written, this interrogatory is vague and, thus, potentially unduly burdensome. City's request that Bilyeu list all those persons with whom he has "discussed" the subject incident potentially includes any person to whom Bilyeu might have mentioned the event in passing without regard to the purpose of the reference or its duration, or even its specific content. The term

3

"discussed" also potentially includes any written communication, whether by e-mail, handwritten communication, or typed document. Furthermore, because Bilyeu's complaint arises from an incident that occurred on March 14, 2005, more than three and one-half years ago, asking Bilyeu to relate to City every such "discussion" during that three and one-half year period imposes an undue burden on Bilyeu. Accordingly, City's motion as to this interrogatory is DENIED.

c. Interrogatory No. 14

City's Interrogatory No. 14, and Bilyeu's answer, read:

INTERROGATORY NO. 14: Specify the basis on which plaintiff seeks punitive damages.

RESPONSE: Objection: calls for a legal conclusion.

Citing the Advisory Committee Notes to Federal Rule of Civil Procedure 33, City contends that Bilyeu may not object to this interrogatory simply because "it calls for an opinion or contention that relates to fact or the application of law to fact." (Reply 3.) Bilyeu's damages prayer includes a request for "punitive damages from Defendants in an amount to be determined at trial but no more than $1,000,000 . . . ." (Complaint 15.) Bilyeu's complaint charges multiple defendants with numerous instances of misconduct, and those defendants are entitled to know which instances of alleged intentional and reckless misconduct Bilyeu intends to attribute to them in support of punitive damages claim against them. Accordingly, City's motion as to this interrogatory is GRANTED, and Bilyeu must provide a substantive response to this interrogatory.

2. Attorney Fees

This part of City's motion turns on Bilyeu's extended delay in answering City's interrogatories and the fact that Bilyeu forced City to file a motion to compel to obtain those

4

answers. Although City also points to Bilyeu's failure to sufficiently answer three of the fourteen interrogatories as cause to impose the requested sanction, Bilyeu's failure to respond at all was the sole basis of City's initial motion and consumed a significant portion of City's reply. Based on the facts presented by the motion, the critical issue is Bilyeu's extremely long delay in serving his interrogatory answers and the timing of those answers.[1]

That addressed, City asks the court to award it $280.00 in attorney fees, the money value of the two hours City spent to prepare, brief, and file its motion to compel and its reply. In support of its motion, City submits the affidavit of Scott Moede ("Moede"), City's lead legal counsel in this case. Moede states that he is Senior Deputy City Attorney and that his time is billed to clients within the city's organizational structure at $140 per hour. (Affidavit of J. Scott Moede ("Moede Affidavit") 2.)

Federal Rule of Civil Procedure ("Rule") 37(a)(5) specifies the circumstances under which the court evaluates a request for attorney fees on a motion to compel. That rule provides in relevant part:

> **(5) Payment of Expenses; Protective Orders.**
>
> > (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- <u>the court must</u>, after giving an opportunity to be heard, <u>require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees</u>. But the court must not order this payment if:
> >
> > > (i) the movant filed the motion before attempting in

---

[1] The court notes, however, that Bilyeu's vagueness objection to City's Interrogatory No 10 was demonstrably ill-considered.
5

>good faith to obtain the disclosure or discovery without court action;
>
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>(iii) other circumstances make an award of expenses unjust.
>
>* * * *
>
>(C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

FED. R. CIV. P. 37(a)(5)(2008) (emphasis added).[2]

The Advisory Committee Notes inform the application of this subsection. The provision is intended to address abuses occurring in the discovery process; specifically, the provision is to be applied where a discovery dispute is forced to court "when no genuine dispute exists." FED. R. CIV. P. 37, Advisory Committee Notes, 1970 Amendments, Subdivision (a)(4). The 1970 amendments to the rule were intended to foster the courts' increased utilization of this subsection, and they emphasized that expenses are "ordinarily to be awarded unless the court finds that the losing party acted justifiably in carrying the point to court." *Id. See also Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) ("The change in language was 'intended to encourage judges to be more alert to abuses occurring in the discovery process.'"). Subparagraph (a)(5)(A) of Rule 37 is specifically intended to "cover the situation where information that should have been produced

---

[2] The phrase "after affording an opportunity to be heard" was added in 1993 "to make clear that the court can consider such questions on written submissions as well as on oral hearings." FED. R. CIV. P. 37, Advisory Committee Notes, 1993 Amendments, Subdivision (a)(4).

without a motion to compel is produced after the motion is filed but before it is brought on for hearing." FED. R. CIV. P. 37, Advisory Committee Notes, 1993 Amendments, Subdivision (a).

In construing Rule 37(a)(5), the Ninth Circuit noted that the district court is afforded "great latitude" in imposing sanctions under Rule 37. *Reygo Pacific Corp.*, 680 F.2d at 649. These decisions are reviewed only for abuse of discretion. *Id.* Relevant to the instant motion, the court defined "substantially justified" under the rule to mean "whether reasonable people could differ as to whether the party requested must comply." *Id.*, citing C. Wright and A. Miller, *Federal Practice and Procedure* § 2288.

The facts here fall within the scope of Rule 37(a)(5)'s language and intent. City propounded its interrogatories on March 2, 2007, (Memorandum of Law in Support of Defendant City of Portland's Motion to Compel Responses to Interrogatories ("City's Memo") 2), and received no answers until more than eighteen months later, on September 17, 2008. (Plaintiff's Response to Motion to Compel ("Response") 1.) During that period of time, City corresponded with Bilyeu's attorneys on multiple occasions about the answers to those interrogatories. Specifically, City inquired by letter on September 21, 2007, and again on November 8, 2007, (City's Memo, Exhibits ("Exs.") B, C), and then through a series of e-mails between July 3, 2008, and August 17, 2008. (City's Memo, Exs. D-F.)

Viewed objectively, City demonstrated commendable patience when confronted with this continued and extended delay. In fact, after being assured by Bilyeu's counsel on July 16, 2008, that he would respond to City's interrogatories by the end of that month, City agreed to refrain from raising with the court Bilyeu's failure to provide interrogatory answers. (City's Memo, Ex. D at 1.) On August 15, 2008, Bilyeu's attorney e-mailed Moede to acknowledge that he had not yet provided

the interrogatory answers and to request an extension to August 31, 2008. (City's Memo, Exhibit F at 1.) On August 17, 2008, Moede agreed to the additional extension. *Id.*

Equally important to the court's evaluation is that Bilyeu's attorney submitted his client's interrogatory answers only after City finally filed a motion to compel. Rule 37(a)(5)(A) mandates an award of expenses "if the disclosure or requested discovery is provided after the motion was filed." Other judges in this district have given the rule its plain meaning. *See, e.g., Philin Corp. v. Westhood, Inc.,* 2006 WL 3513655, *3 (D. Or., Dec. 4, 2006) ("Defendant's motion was the catalyst for the production of documents and complete responses to other outstanding discovery requests. The fact that plaintiff provided the bulk of the documents and responses before the hearing is irrelevant to defendant's necessity in filing the motion. *See* Fed.R.Civ.P. 37(a)(4) (mandating, unless the court finds the presence of certain exceptions, an award of reasonable expenses '[i]f the motion is granted *or if the disclosure or requested discovery is provided after the motion was filed* [.]') (emphasis added).").

Here, it is undisputed that Bilyeu served his interrogatory answers on September 17, 2008, only after City's September 3, 2008, motion to compel. On the same day that he served his answers, Bilyeu filed a one-paragraph opposition to City's motion, which reads:

> Rankin Johnson IV, counsel for Martin Bilyeu, opposes the defendants' motion to compel. The motion is moot; plaintiff filed the responses to defendants' interrogatories, by mail and by e-mail, on September 17, 2008. Plaintiff asks this court to deny the motion in its entirety.

(Response 1.) Nothing in Bilyeu's response permits a reasonable inference of substantial justification for Bilyeu's much-prolonged delay in answering City's interrogatories. To the contrary, the record shows that Bilyeu's attorneys knew the interrogatory answers were long overdue and that,

8

even after this acknowledgment, they asked for – and received – additional extensions of time to submit their client's answers, but still failed to do so. When they did not serve the answers by the last extended deadline, August 31, 2008, City finally filed its motion to compel on September 3, 2008.

Further, nothing in the record supports application of Rule 37(a)(5)(A)'s other exceptions to relieve Bilyeu's attorneys from consequences under the rule. City conferred, repeatedly, with Bilyeu's attorneys regarding the interrogatory answers and allowed them extensions of time on at least four separate occasions. Bilyeu's response conveys no other circumstances that would warrant the long delay and make an award of expenses unjust. In such circumstances, application of Rule 37(a)(5)'s plain meaning is appropriate. *See Trustees of Oregon-Washington Carpenters-Employers Trust Funds v. Van Zant Construction, Inc.*, 2008 WL 2381641, *3 (D. Or. June 3, 2008) (awarding expenses, including attorney fees, to the moving party where the nonmoving party made no showing that "its failure to produce documents was substantially justified or that any other circumstances make an award of expenses unjust.").

The court is mindful that part way through this eighteen-month period one of Bilyeu's two attorneys sought and was granted leave to withdraw from the case, and that Bilyeu's bankruptcy action created temporary delay in this case's proceedings. However, these instances are not sufficient to invoke application of Rule 37(a)(5)(A)'s exceptions. Bilyeu's new attorney was in place by July 3, 2008, and resolution of the question of the bankruptcy proceeding's effect occurred by mid-June 2008. As the record demonstrates, City promptly resumed its efforts to obtain the interrogatory answers with Bilyeu's new attorney, and it included in those renewed discussions Bilyeu's other attorney, who had represented Bilyeu in the case from at least March 2007 when City

9

served its interrogatories. (City's Memo, Ex. A at 4.) Added to these facts is that Bilyeu had tendered to his attorneys the documents necessary for responding to City's discovery requests, including draft answers to the interrogatories, but as late as August 15, 2008, Bilyeu's counsel was "still sorting through" the file to try and find those draft responses. (City's Memo, Ex. F at 1.) The final answers were not served until a full month later, on September 17, 2008, a date two weeks after the City filed its motion to compel. In short, the record contains no facts which would invoke one of the exceptions to applying Rule 37(a)(5)(A) here and, therefore, City's request for its expenses should be granted.

As to the amount of those expenses, City asks for $280.00, the value in attorney fees of the two hours it incurred to prepare and file its initial motion and its reply. Specifically, Moede attests that 1.2 hours were incurred to prepare the initial motion and attachments, and that .8 hours were incurred to prepare the reply and attachments. (Moede Affidavit 1-2.) Moede's year of admission to the Oregon State Bar is 1993, and the Oregon State Bar's 2007 Economic Survey shows an average hourly rate of $225 for Portland area attorneys with thirteen to fifteen years of experience, $230 as the median rate, with $180 for the 25th percentile and $330 for the 95th percentile. (Oregon State Bar 2007 Economic Survey 28 (available at http://www.osbar.org/_docs/resources/07EconSurvey.pdf (last visited October 3, 2008).[3]) Moede's requested hourly rate of $140 is below the 25th percentile and well below the average hourly rate for a Portland-area civil practitioner having his years of experience. Accordingly, the requested hourly rate is reasonable.

---

[3] Local Rule 54.3 provides that this district will use the most recent Oregon State Bar Economic Survey as its initial benchmark in evaluating hourly rates relevant to attorney fee requests.

10

City requests an award of fees for two hours of work and this appears reasonable. City's motion to compel is accompanied by a brief and clear supporting memorandum, by an affidavit that sets out the chronology of events relevant to City's motion, and by six exhibits to support the chronology. To prepare the chronology and exhibits, Moede would have needed to review his file to locate those communications and documents from the preceding eighteen months that were relevant to City's interrogatories. His organized presentation of that information in City's memo and his affidavit modeled efficiency. A time value of 1.2 hours to accomplish all this is quite reasonable. City's reply, accompanied by Moede's affidavit and exhibits, is also efficiently composed and presented, and added additional relevant background to the question of whether any of Rule 37(a)(5)(A)'s exceptions should apply to Bilyeu's much-belated interrogatory answers. A time value of .8 hours for this effort likewise is quite reasonable. Therefore, City's request for two hours of attorney fee time, at a value of $280, is reasonable and should be awarded.

The court also must address the question of who should pay City's attorney fees. Under Rule 37(a)(5)(A), the court may "require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The record shows that Bilyeu had provided his attorneys with documents by September 2007 and draft interrogatory answers prior to July 2008. (City's Memo, Ex. B; Ex. D at 1.) The record also shows that Bilyeu's attorney had not served the final answers as of August 15, 2008, two weeks past the July 31 deadline to which the City had consented, and even then Bilyeu's attorney asked for an extension to August 31, 2008, because he had not yet located Bilyeu's draft answers in the case file. (City's Memo, Ex. F at 1.) Neither the record, nor Bilyeu's response disclose any fact to suggest that the interrogatory answers would have

been served had City not filed its motion to compel. Whatever might have been the ultimate result had City not filed its motion, the record establishes that Bilyeu's attorneys, and not Bilyeu himself, were the source of the delay that prompted City's motion. Therefore, the award of expenses to City should be paid by Bilyeu's attorneys of record.

Finally, the court acknowledges that the record shows no intentional failure to serve answers to City's interrogatories by Bilyeu's counsel. Willfulness, however, is not a necessary precondition to an award of expenses under Rule 37. Indeed, the language of Rule 37 was changed in 1970 to eliminate willfulness as an element of the threshold consideration whether to apply the rule's sanction provision at all, and thus to correct the practice courts had adopted of importing a willfulness requirement into the rule's "refusal" criterion. FED. R. CIV. P. 37, Advisory Committee Notes, 1970 Amendments. The rule thus requires that there be only a "failure" to make the requested discovery. The instant case is an example of a situation squarely contemplated by the rule: though not willful, the failure to make the requested discovery undermined the discovery process, impeded the case's forward progress, and ultimately forced City to file a motion to compel simply to prompt service of interrogatory answers that should have been tendered months earlier.

*Conclusion*

City's motion to compel (#39) is GRANTED in part and DENIED in part. Bilyeu is to provide answers Interrogatories 10 and 14 within fourteen (14) days of the date of this order.

City's request for an award of attorney fees in bringing its motion to compel should be granted, and an award of $280.00 should be made to City, to be paid within twenty-one (21) days of the date of an order that adopts this recommendation.

*Scheduling Order*

Objections to the court's Finding and Recommendation regarding City's request for an award of attorney fees pursuant to Federal Rule of Civil Procedure 37(a) are due no later than October 22, 2008.

IT IS SO ORDERED.

Dated this 8th day of October, 2008

                                            John V. Acosta
                                          U.S. Magistrate Judge